IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMONI MASUD JOHNSON, | No. 4:24-CV-00992 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT THOMAS MCGINLEY, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION & ORDER

### APRIL 10, 2025

Plaintiff Armoni Masud Johnson is a serial *pro se* litigant who has filed numerous civil actions in federal and state court. Johnson filed the instant lawsuit in May 2024 in the Court of Common Pleas of Northumberland County, Pennsylvania.[1] Defendants subsequently removed the case to this Court pursuant to 28 U.S.C. § 1446.[2] Johnson is suing multiple state officials under 42 U.S.C. § 1983 for alleged constitutional deprivations.

Johnson's original complaint, however, was "extremely difficult to understand or follow," consisting of 21 single-spaced pages that contained no margins[3] and frequently cross-referenced other sections of the complaint.[4] Instead

---

[1] *See generally* Doc. 1-1.
[2] *See* Doc. 1.
[3] Local Rule of Court 5.1 requires one-inch margins for all filings. *See* LOCAL RULE OF COURT 5.1(c). This rule is important because it allows for the CM/ECF electronic header, and it prevents written material from being cut off when scanned by the Clerk of Court.
[4] *See generally* Doc. 1-1; Doc. 6 at 1-2.

of using consecutively numbered paragraphs, as mandated by Pennsylvania Rule of Civil Procedure 1022 and Federal Rule of Civil Procedure 10(b), Johnson confusingly divided his complaint into different alphabetical sections ("A" through "I") and repeatedly attempted to cross-reference those various sections.[5] Johnson also copied and pasted large portions of other court decisions involving previous cases he had filed, further cluttering his pleading.[6] Additionally, he included numerous lengthy case law quotations and legal standards of review, which are unnecessary for a "short and plain statement" of his claims showing that he "is entitled to relief."[7] Furthermore, many of Johnson's allegations were difficult or impossible to understand.[8]

The Court thus concluded that, although it appeared that Johnson was attempting to assert claims regarding retaliation, denial of access to the courts, and unconstitutional parole denial, it was "simply impossible to ascertain the contours of his claims due to his overly complicated and needlessly lengthy complaint."[9] Consequently, the Court dismissed Johnson's complaint but he was granted leave to amend.[10]

---

[5]  *See generally* Doc. 1-1; Doc. 6 at 2.
[6]  *See, e.g.*, Doc. 1-1 at 3-4, 6, 7, 8, 10, 13, 15.
[7]  *See* FED. R. CIV. P. 8(a)(2).
[8]  *See* Doc. 6 at 2.
[9]  *Id.* at 3.
[10] *See id.* at 4, 5.

Notably, Johnson was given explicit instructions regarding his amended pleading. Specifically, the Court directed,

- The amended complaint should be a stand-alone document, complete in itself and without reference to any previous pleading.

- The amended complaint should set forth Johnson's claim or claims in *short, concise, and plain statements*, and in sequentially numbered paragraphs.

- Johnson must leave one-inch margins on all four sides of his pleading.

- Johnson **may not** include quotations from prior court decisions, legal standards of review, case citations (unless absolutely necessary to describe a claim), or legal argument.

- Johnson must name proper defendants and *specify the offending actions taken by a particular defendant*. Johnson is admonished that he must comply with Federal Rule of Civil Procedure 20(a)(2) if attempting to join multiple defendants in a single action.[11]

Johnson was also expressly warned that "[f]ailure to comply with these specific instructions will result in the Court striking the amended complaint from the record."[12]

Johnson eventually filed an amended complaint,[13] but that document violates almost every directive the Court provided. Johnson's amended pleading is anything but a "short and plain" statement for relief. The amended complaint reads like an omnibus lawsuit that attempts to relitigate every previous lawsuit and

---

[11] *Id.* at 4.
[12] *Id.* at 5.
[13] Doc. 12.

3

grievance he has filed during his lengthy incarceration.  He writes almost exclusively in run-on sentences, which often span entire paragraphs and result in indecipherable assertions that lack any coherence or relevance.  As just one example, Johnson states,

> Plaintiff is in a maximum type security facility whereas cell 31 on Da Block in SCI CoalTownship [sic] may be bugged with secret cameras to record plaintiff for at least the pass [sic] 3 & half [sic] to 4 years in which cell is constantly retaliatory search [sic] at times [wristwatch picture] such as grievance # 725753 was filed some where [sic] before March-21-2018 which such can be viewed through civil action # 4:18-cv-01714 Doc 124-15 filed 6-13-2022 page 3 of 6, defendant Cotmer is same individual that retaliatory searched plaintiff [sic] cell somewhere between July-1-2024 & July-19-2024 & infringed on plaintiff [sic] 1st amendment freedom of religion rights by pooring [sic] out plaintiff [sic] spiritual drink after prayers was said over it claiming plaintiff [sic] spiritual drink to be contraband to harass plaintiff & retaliate on plaintiff for prior grievances & declaration & law suits [sic] as he is a soldier for security the state actors in civil action #1:23-cv-1083, & his retaliatory search was to steal legal material & check on hidden cameras that may have been deactivated.[14]

Johnson's amended complaint is replete with similar indecipherable paragraphs that discuss wholly irrelevant issues (like previous lawsuits or the actions of prison officials who are not Defendants in this case), making it nearly impossible for Defendants to respond to his allegations or for the Court to discern what type of Section 1983 claim or claims he is attempting to assert.

---

[14]   *Id.* at 2 ¶ 7.

Johnson does not identify who he is suing in his amended complaint. It is possible that he intends to sue the same six Defendants he named in his original complaint.[15]

If so, Johnson utterly fails to plausibly plead personal involvement for these Defendants in the purported constitutional infringements, violating another specific instruction from the Court. Rather, his amended complaint repeatedly uses conclusory language when alleging how he was wronged. For instance, he cursorily asserts that Superintendent McGinley "infringed on plaintiffs [sic] 1st amendment rights of Freedom [o]f Religion & 14th Amendment Equal Protection rights in retaliation of [sic] plaintiffs [sic] grievances & law suits [sic][.]"[16] Johnson likewise frequently alleges that Superintendent McGinley or another Defendant is "acting in concert" with other Defendants to infringe his rights,[17] but such conclusory, talismanic language does not plausibly allege a conspiracy or any other type of personal involvement in a constitutional violation. As yet another example, Johnson avers that his parole denials "have been by FRAUD committed by all these defendants which is a crime giving rise to RICO CONSPIRACIES through abuse of process & abuse of authority at large & abuse of officers."[18]

---

[15]  *See* Doc. 1-1 at 1.
[16]  Doc. 12 at 3 ¶ 12.
[17]  *See id.* at 14 ¶ 1; *id.* at 15 ¶¶ 9, 10; *id.* at 17 ¶ 1; *id.* at 18 ¶¶ 9, 10.
[18]  *Id.* at 17 ¶ 5.

These conclusions of law are insufficient to plausibly plead personal involvement in constitutional misconduct or a Section 1983 claim.[19]

Johnson also discusses conduct by some Defendants that solely concerns the grievance process.[20] But it is well settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[21] These allegations, therefore, do not plausibly plead personal involvement, either.

Additionally, Johnson was directed to omit citations to his other cases and to avoid citation to case law unless absolutely necessary, yet his amended complaint is littered with such references. Johnson's amended complaint also contains "fantastic or delusional" assertions,[22] like stating that certain unspecified Defendants are "evil doers" who are guilty of "Jim Crowism [sic] tightening the noose from minimum to maximum death wishes [sic] upon plaintiff with arbitrary parole denials";[23] or that Defendants are "mask[ing] mental Lynchings & modern

---

[19] *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citation omitted).
[20] *See, e.g.*, Doc. 12 at 3 ¶ 11; *id.* at 7 ¶ 5 (alleging that defendant Amy Wheary violated Johnson's rights by "rejecting grievances").
[21] *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").
[22] *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989).
[23] Doc. 12 at 14 ¶ 6.

day slavery, white robes & broken badges in the guise of black robes";[24] or that "case law riggs [sic] the system to allow these defendants to commit crimes such as trafficking inmates";[25] or that "[w]hat is occurring is DOMESTIC TERRORISM at a large scale that is being swept under the rug by the courts."[26]  Such fanciful, fantastic allegations are quintessential examples of "frivolous" pleading.[27]

Finally, Johnson's amended complaint undoubtedly violates Federal Rule of Civil Procedure 20(a)(2).  His pleading, which appears to assert unrelated claims of denial of access to the courts, retaliation, state-created danger, equal protection, conspiracy, and "abuse of process" against multiple different defendants, plainly does not implicate the "same transaction, occurrence, or series of transactions or occurrences," nor does it appear that there exists a "question of law or fact common to all defendants" in order for these diverse defendants to be permissively joined together in a single action.[28]  This requirement, too, was specifically outlined for Johnson when his initial complaint was dismissed.

"Taken together, Rules 8(a) and 8([d])(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules."[29]  A statement must be plain "to

---

[24] *Id.* at 1 ¶ 3 (appearing to impugn the judiciary).
[25] *Id.* at 11 ¶ 7.
[26] *Id.* at 15 ¶ 11.
[27] *See Neitzke*, 490 U.S. at 325, 327-28.
[28] *See* FED. R. CIV. P. 20(a)(2).
[29] *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1217 at 169 (2d ed. 1990)).

give the adverse party fair notice of the claim asserted so as to enable [the party] to answer and prepare for trial," and must be short to avoid placing "an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage."[30] As the United States Court of Appeals for the Third Circuit has explained, "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint," especially after the litigant has been given an opportunity "to better tailor [his] pleading."[31]

The Court declines to attempt to sift through Johnson's excessively prolix, disjointed, and fantastical amended complaint to try to discern if he has implicated (let alone plausibly alleged) a Section 1983 claim against one or more of the six Defendants. Johnson was explicitly warned that, if he filed an amended pleading that ignored this Court's express instructions and violated the Federal Rules of Civil Procedure, his pleading would be summarily dismissed.

Johnson, who is an experienced *pro se* litigant, is more than capable of following pleading directions. He is likewise fully capable of understanding that he cannot bring multiple, unrelated claims against different defendants in a single

---

[30] *Folk v. Bureau of Prisons*, No. 21-1543, 2021 WL 3521143, at *3 (3d Cir. Aug. 11, 2021) (nonprecedential) (second alteration in original) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).
[31] *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (alteration in original), *cert. denied*, 140 S. Ct. 1611 (2020) (mem.).

8

Section 1983 complaint. If Johnson desires to press these numerous, unrelated constitutional tort claims in federal court, he is required to file *separate* Section 1983 lawsuits and would have to pay the filing fee for each case. He cannot attempt to circumvent the Prison Litigation Reform Act by filing one lawsuit alleging every perceived wrong by half a dozen state officials over the course of nearly a decade.[32]

The Court will therefore dismiss the amended complaint and give Johnson one final opportunity to follow its directions and submit a cognizable Section 1983 pleading. Johnson is advised that he must follow the Court's prior instructions and he must adhere to the Federal Rules of Civil Procedure as well as the Middle District Local Rules of Court. If he once again files a pleading that violates this Court's express Orders, the Court will dismiss this case with prejudice.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Johnson's amended complaint (Doc. 12) is **DISMISSED** for failure to comply with Federal Rule of Civil Procedure 8 and this Court's explicit pleading instructions provided in the July 10, 2024 Memorandum Opinion and Order. The amended complaint is likewise **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

---

[32] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits" not only to prevent confusion but also to ensure that prisoners pay the required filing fees under the PLRA); *Redding v. Bilinski*, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2 (M.D. Pa. June 12, 2015) (same).

2. Johnson will be given one final opportunity to file an appropriate second amended complaint that complies with the Federal Rules of Civil Procedure, the Local Rules of Court,[33] and this Court's Orders.

3. Johnson shall have **21 days** from the date of today's Order to file said second amended complaint. No extensions to this deadline will be provided absent exceptional circumstances.

4. If Johnson chooses not to file a second amended complaint, or if he files such a pleading that again fails to comply with the Federal Rules of Civil Procedure and this Court's specific instructions, the Court will dismiss this case <u>with prejudice</u>.

5. In light of the foregoing paragraphs, Defendants' pending motion to dismiss (Doc. 13) is **DISMISSED** as moot and without prejudice.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[33] Relevant portions of the Federal Rules of Civil Procedure and the Middle District of Pennsylvania Local Rules of Court were mailed to Johnson at the outset of this case. *See* Doc. 2; Doc. 2-3.